UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **NICHOLAS JACOBS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-cv-333 |
| | ) | |
| **CHARLES G. HART,** | ) | |
| **Allen County Jail Commander** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is *pro se* Plaintiff Nicholas Jacobs's motion asking, in the words of 28 U.S.C. § 1915(e)(1), that this Court "request an attorney" to represent him in this 42 U.S.C. § 1983 case. (Docket # 3.) Because Jacobs's case is not a difficult one and since he is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims

himself." *Pruitt*, 503 F.3d at 655; *see also Hammer v. Ashcroft*, 512 F.3d 961, 971 (7th Cir. 2008). The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655; *see also Hammer*, 512 F.3d at 971. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted); *see also Hammer*, 512 F.3d at 971.

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

## ANALYSIS

Applying the foregoing two-fold inquiry to the instant circumstances, it is evident that Jacobs is competent to represent himself in this case. To explain, this suit is a relatively straightforward § 1983 action, as he only complains that his constitutional rights were violated when he was forced to sleep on the jail cell floor while incarcerated at the Allen County Jail. (*See* Compl.) Thus, the first factor – the difficulty of his claims – cuts against Jacobs's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

2

Second, Jacobs is twenty-eight years old and has a tenth grade education followed by approximately five years of apprenticeship work in auto mechanics.  He competently drafted and filed a complaint that clearly and adequately sets forth his cause of action.  (*See* Compl.)  He further demonstrated that he is articulate and has reasonably good communication skills at the Preliminary Pretrial Conference on June 11, 2008, during which he discussed in detail the basis for his case and indicated his understanding of the scheduling matters at hand.  (*See* Docket # 20.)  Moreover, the facts of the case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly well within his abilities.  Although Jacobs's litigation experience was not discussed in detail at the June 11, 2008, scheduling conference, he did indicate that he was familiar with the tools of discovery (*i.e.*, depositions, interrogatories) and this further suggests that counsel is not needed at this juncture.  As a result, the second factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

Considering the foregoing, Jacobs appears quite competent to adequately handle the litigation of this relatively simple § 1983 case.  Accordingly, his motion asking that the Court recruit counsel for him (Docket # 3) will be denied.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 3) is DENIED.  The Clerk is directed to send him the complete current text of the Federal Rules of Civil Procedure 26-37 and 45, which govern the discovery process.  Plaintiff is, of course, free to attempt to secure counsel on his own, and if the case proceeds to trial, the

Court will reconsider Plaintiff's request.

      Enter for this 11th day of June, 2008.

                                      /S/ Roger B. Cosbey
                                      Roger B. Cosbey,
                                      United States Magistrate Judge

4